IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FITZGERALD, | Civil Action No. 14-cv-00238 |
| Petitioner, | United States Magistrate Judge |
| v. | Cynthia Reed Eddy |
| SUPERINTENDENT MARK CAPOZZA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, KATHLEEN KANE, | |
| Respondents. | |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is the Motion for Order to Show Cause for Preliminary Injunction, Temporary Restraining Order filed by Petitioner Michael Fitzgerald ("Fitzgerald") (ECF No. 25) and the Response in opposition filed by Respondents (ECF No. 28). For the reasons that follow, the Motion will be denied.[1]

Fitzgerald is a state prisoner committed to the custody of the Pennsylvania Department of Corrections ("DOC") and currently confined at the State Correctional Institution at Fayette, Pennsylvania ("SCI-Fayette"). Fitzgerald seeks injunctive relief as he contends that he is "subject to being a witness against 'himself' at parole hearings." Respondents contends that the motion should be denied because parole interview / hearings are not criminal proceedings and there is no compulsion to speak.

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." This right is referred to as the Fifth Amendment privilege

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* ECF Nos. 17 and 18.

1

against self-incrimination. The United States Supreme Court has instructed that "[t]he [Fifth] Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 441 U.S. 70. 77 (1973). Furthermore, the Fifth Amendment privilege provides protection against the imposition of substantial penalties on a person who decides to invoke his right against self-incrimination. *Minnesota v. Murphy*, 465 U.S. 420, 434 (1984).

Fitzgerald's motion fails for two reasons. First, the parole interviews / hearings are not "compelled" testimony within the meaning of the Fifth Amendment. See *Ohio Adult Parole Authority v. Woodard,* 523 U.S. 272, 286 (1988); *McKune v. Lyle*, 536 U.S. 24 (2002). The interviews /hearings are completely voluntarily and Fitzgerald could cancel the interview altogether or attend and choose not to speak.

Second, Fitzgerald has not shown that he will be compelled to be a witness against himself in a <u>criminal proceeding</u>. "[M]ere coercion does not violate the text of the Self-Incrimination Clause absent use of the compelled statements in a criminal case against the witness." *Chavez v. Martinez*, 538 U.S. 760, 769 (2003) (Thomas, J., plurality). In the opinion of the plurality, "a violation of the constitutional right against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case." *Id*. at 770. *Accord Renda v. King*, 347 F.3d 550, 559 (3d Cir. 2003) (holding that it is the use of a coerced statement during a criminal trial that violates the Constitution). The parole interviews / hearings are civil proceedings.

For these reasons, the Court finds that the motion should be denied. An appropriate Order follows.

**AND NOW**, this 9th day of February, 2015:

**IT IS HEREBY ORDERED** that Petitioner's Motion for Order to Show Cause for Preliminary Injunction, Temporary Restraining Order (ECF No. 25) be **DENIED.**

*s/ Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc: MICHAEL FITZGERALD
ET-2227
SCI Pittsburgh
PO Box 99991
Pittsburgh, PA 15233
(via U.S. First Class Mail)

Chad L. Allensworth
PA Board of Probation and Parole
(via ECF electronic notification)