IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL FITZGERALD, )
                                  ) Civil Action No. 14-cv-0238
        Petitioner, )
                                  )
v. ) United States Magistrate Judge
                                  ) Cynthia Reed Eddy
SUPERINTENDENT MARK )
CAPOZZA, et al., )
                                  )
        Respondents. )

## MEMORANDUM OPINION AND ORDER[1]

Presently before the Court is the Petition for Writ of Habeas Corpus filed by Petitioner, Michael Fitzgerald. For the reasons that follow the Petition will be denied. Also, the Court finds that there is no basis upon which to grant a certificate of appealability.

### Relevant Factual and Procedural History

Petitioner, Michael Fitzgerald ("Fitzgerald" or "Petitioner"), a state prisoner incarcerated at the State Correctional Institution at Fayette, Pennsylvania, has petitioned for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in connection with the denial of reparole by the Pennsylvania Board of Parole and Probation (the "Board") (ECF No. 5 and 23).

The Pennsylvania Board of Probation and Parole ("Board") has parole authority over Fitzgerald based on an aggregated 8 to 24 year sentence for Simple Assault, Robbery of a Motor Vehicle and Escape from Detention.[2] The inmate number assigned to Fitzgerald for his current

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. See 28 U.S.C. § 636, et. seq., Consent to Trial / Jurisdiction by United States Magistrate Judge (ECF Nos. 17 and 18).

[2] Prior to his current sentence, the Board had parole authority over Fitzgerald on two separate sentences. However, those parole decisions are not at issue in this lawsuit.

1

sentence is ET-2227. The original minimum and maximum dates for Fitzgerald's current sentence were November 13, 2008 and November 13, 2024.

The Board first paroled Fitzgerald from his current sentence on May 28, 2009. On June 1, 2009, the Board sent Fitzgerald to the Penn Capp center as a sanction for his admitted alcohol use. On August 25, 2009, following his completion of the Penn Capp program, Fitzgerald absconded from parole supervision thereby violating the written conditions of his parole. Fitzgerald's whereabouts remained unknown until he was arrested by police on or about November 23, 2009. The Board recommitted Fitzgerald as a technical parole violator by decision mailed January 12, 2009 (recorded 01/07/2010). The Board also recalculated Fitzgerald's maximum sentence date from November 13, 2024 to February 11, 2025, based on his parole violation by decision mailed February 12, 2010 (recorded 01/28/2010). The Board reparoled Fitzgerald from his current sentence on March 8, 2011.

Between March 2011 and December 2011, Fitzgerald was sanctioned on three separate occasions for incidents involving consumption of alcohol, going to unauthorized locations on multiple occasions, using profanity towards staff, and returning late. On or about December 29, 2011, the Penn Pavilion center where Fitzgerald was residing discharged him for violating program rules, which included use of cocaine. As a result of his discharge, the Board arrested Fitzgerald for violating the conditions of his parole.

On January 4, 2012, Fitzgerald signed what he refers to as a "superwaiver" and waived his rights for a violation hearing and specifically admitted that he had violated "#5a: Drug Use; #7: Unsuccessful discharge from Penn Pavilion." The Board recommitted him as a technical parole violator by decision mailed February 13, 2012. The Notice of Board Decision specifically states that Fitzgerald was recommitted as a technical parole violator for violating "CONDITION

2

#5A, USE OF DRUGS [AND] CONDITION #7, FAILURE TO SUCCESSFULLY COMPLETE THE PENN PAVILION PROGRAM." (ECF No. 14-1, at 24.)

According to Fitzgerald, the Board has reviewed and denied Fitzgerald reparole again on five[3] consecutive occasions. According to Fitzgerald, the Board last interviewed Fitzgerald and denied him parole by decision recorded November 6, 2014. The Board informed Fitzgerald:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> Your prior unsatisfactory parole supervision history.
>
> Reports, evaluations and assessments / level of risk indicates your risk to the community.
>
> Your minimization of the nature and circumstances of the offense(s) committed.
>
> Your failure to demonstrate motivation for success.
>
> Your minimization of the nature and circumstances of the offense(s) committed (parole violations).
>
> Your failure to develop a parole release plan.
>
> The negative recommendation made by the trial judge.
>
> The negative recommendation made by the prosecuting attorney
>
> You are to be reviewed in or after September, 2015.
>
> At your next interview, the Board will review your file and consider:

---

[3] In his Supplemental Complaint, Fitzgerald states that he has received five consecutive reparole denials, and attached the most recent denial recorded November 6, 2014. The Respondent in their Answer indicate that since Fitzgerald's last parole revocation in January of 2012, the Board has reviewed and denied Fitzgerald reparole again on three occasions. (The Court notes that the Board's Answer was filed prior to the November 2014 denial of reparole.) The evidence of record reflects that Fitzgerald has been denied reparole on four consecutive occasions: July 23, 2012; February 4, 2013; January 27, 2014; and November 6, 2014.

3

> Whether you have maintained a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record.
>
> Suggest you participate in available self-help groups.
> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying you parole/reparole was recorded.

Exhibit E to Supplemental Complaint, ECF No. 23-5.

Fitzgerald commenced the present action on February 20, 2014, pursuant to 28 U.S.C § 2254 by filing a petition for writ of habeas corpus. He essentially raises two grounds for relief: (1) that the Board has denied him reparole in violation of his procedural due process rights because his recommitment term has expired, he has completed required programs, and he has the recommendation of prison staff; and (2) that the Board has denied him reparole in violation of his substantive due process rights because has been denied reparole for arbitrary and capricious reasons. He seeks an order from this Court ordering the Board to "release him immediately, order the injunction for the Board not to hold him hostage to pass crimes, that were settled by a trial court." (ECF No 5.)

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254. Under this statute, habeas relief is only available on the grounds that he is in custody in violation of his federal constitutional rights. 28 U.S.C. § 2254(a).

Respondents have filed an Answer (ECF No. 9) in which they argue that Fitzgerald's claims are meritless. Fitzgerald has filed a Reply (ECF No. 30).

## Discussion

The federal habeas statute "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." *Slutzker v. Johnson,* 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). Because it appears that Pennsylvania law does not provide a

4

mechanism by which a prisoner such as Fitzgerald can challenge a parole denial based upon due process grounds, Fitzgerald likely is exempt from the exhaustion requirement. *Defoy v. McCullough,* 393 F.3d 439, 445 (3d Cir. 2005); *Roman v. DiGuglielmo,* 675 F.3d 204, 209 (3d Cir. 2012) ("[T]he State argues that *DeFoy* no longer controls because Commonwealth Courts since that decision have adjudicated mandamus actions involving parole denials by the Board and have considered constitutional claims other than ex post facto claims. . . . [T]o the extent there has been any shift in Pennsylvania law, we cannot comfortable say that it is clear enough to alter our decision in *DeFoy."* ). A federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits." *Roman,* 675 F.3d at 209 (citing, *inter alia,* 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")). Because the instant petition has no merit, this Court "need not address the issue of exhaustion in this case." *Id.*

The Court will now turn to the merits of Fitzgerald's claims.

Fitzgerald is challenging the Board's multiple decisions to deny him reparole. Fitzgerald claims that his due process rights have been violated. To the extent that Fitzgerald is raising a due process claim, that claim must be denied. The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citing *Board of Regents*, 408 U.S. at 571). Second, and if and only if a petitioner

5

establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. *Id*. (citing *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)). Fitzgerald cannot meet either criteria because, as stated above, there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz,* 442 U.S. at 7. Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections.

Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. *Burkett v. Love,* 89 F.3d 135, 139 (3d Cir. 1996); *Rogers v. Pennsylvania Bd. of Prob. & Parole,* 724 A.2d 319, 323 (Pa. 1999). *See also Newman v. Beard,* 617 F.3d 775, 783 (3d Cir. 2010). Because Petitioner cannot establish that he possesses a liberty interest in parole, he has not demonstrated a violation of a protected constitutional right which would allow him to present a procedural due process claim. Accordingly, the Board's decision did not violate his right to procedural due process.

Turning to a substantive due process analysis, the Third Circuit Court of Appeals has held that "even if a state statute does not give rise to a liberty interest in parole release under *Greenholtz*, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). *See also Newman,* 617 F.3d at 782. The United States Supreme Court also has held that "although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.' " *Burkett,* 89 F.3d at 139 (citing *Perry v. Sindermann,* 408 U.S. 593, 597 (1972)). Under substantive due process, as

the term has been construed by the courts, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights (two factors that are not alleged and are not present here). *Id.* at 140. In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. *Block*, 631 F.2d at 237.

Importantly, the Third Circuit Court of Appeals has stressed that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted. *Hunterson v. DiSabato,* 308 F.3d 236, 246–47 (3d Cir. 2002). That is because the relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but rather, something more egregious, which our appellate court has termed at times "conscience shocking." *Hunterson*, 308 F.3d at 246–47. It has made clear that "only the most egregious conduct will be considered arbitrary in the constitutional sense." *Id*. at 247–48. *See also Newman,* 617 F.3d at 782 ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct.") (internal quotations and citations omitted). It also has stated: "[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001); *Newman,* 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest [.]") (internal quotations and citations omitted).

Fitzgerald has not demonstrated that the Board's decisions lacked "some basis." As reflected in the November 6, 2014, decision, as well as in the prior Board decisions, Fitzgerald has been denied reparole because based on an interview, a review of his file, and consideration of the matters set forth in the relevant state statute. The Board determined, *inter alia,* that

Fitzgerald had an unsatisfactory parole supervision history, had parole violations, and negative recommendations had been made by the trial judge and the prosecuting attorney. (ECF No. 23-5.) Although Fitzgerald disagrees with the Board's assessment of him, he has failed to direct the Court to any factor relied upon by the Board that could be described as "conscience shocking." Accordingly, there can be no finding that he is in custody in violation of his substantive due process rights.

### Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Fitzgerald has failed to substantially allege the denial of a constitutional right, much less show such a denial. Accordingly, it is recommended that a certificate of appealability not be issued.

### CONCLUSION

Based on the discussion above that the Petition for Writ of Habeas Corpus will be denied. Further, the Court finds that there is no basis upon which to grant a certificate of appealability.

An appropriate Order follows.

### ORDER OF COURT

**AND NOW,** this 10th day of December, 2015, for the reasons set forth in the Memorandum above, it is hereby **ORDERED** that Fitzgerald's § 2254 Petition (ECF No. 5) and

Supplemental Complaint (ECF No. 23) be, and the same hereby are, **DENIED** and a certificate of appealability is **DENIED**.

The Clerk of Court is directed to close this case.

s/ Cynthia Reed Eddy<br>
Cynthia Reed Eddy<br>
United States Magistrate Judge

cc: MICHAEL FITZGERALD
  ET-2227
  SCI Fayette
  Box 9999
  LaBelle, PA 15450-0999
  (via First Class Mail)

  Chad L. Allensworth
  Pennsylvania Board of Probation and Parole
  (via CM/ECF electronic transmission)